IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYANT PRATT,<br><br>        Petitioner,<br><br>    v.<br><br>GOVERNOR BROWN,<br><br>        Respondent. | Case No. CV 16-5322 R (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE AND UNTIMELY HABEAS ACTION** |

    The Court summarily dismisses this action as: (a) a successive habeas petition; that is also (b) untimely under AEDPA [28 U.S.C. § 2244].

\* \* \*

    This is a state habeas action. Petitioner is currently serving a life term in state prison for a murder conviction he sustained in 1997. Petitioner's conviction was affirmed on direct appeal. However, he did not seek federal habeas review of his conviction until 2013. (Pratt v. Grounds, No. CV 13-7806 R (MRW) (C.D. Cal.).) The Court dismissed the 2013 action with prejudice as untimely under AEDPA. Petitioner did not seek appellate review of that dismissal.

Instead, in July 2016, Petitioner filed this second habeas action in federal court. Petitioner's petition broadly claims error related to the use of "debunked" and hearsay evidence at his original trial, and issues related to the state's Three Strikes sentencing law. (Petition at 6-7.) The petition was not accompanied by a certificate from the Ninth Circuit Court of Appeals giving Petitioner permission to file a second or successive habeas action.

Magistrate Judge Wilner screened Petitioner's current petition. (Docket # 4.) As in the earlier action, the magistrate judge explained that Petitioner's action still appeared to be time-barred under federal law. The magistrate judge directed Petitioner to submit a statement as to why the action should not be summarily dismissed. Petitioner submitted a brief statement (Docket # 9) in which he explained that his lawyer in the 1990s did not explain AEDPA's time limits to him. Petitioner also asserted that he began searching for the transcripts of his trial after the dismissal of his first untimely federal habeas action. (Docket # 9 at 2.)

\* \* \*

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to summary dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d

1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147, 157 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

When an earlier habeas action is dismissed with prejudice as untimely, that "presents a permanent and incurable bar to federal review of the underlying claims[. D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA." McNabb, 576 F.3d at 1030; Remsen v. Attorney Gen. of California, 471 F. App'x 571 (9th Cir. 2012) (same).

A state prisoner ordinarily has a one-year period within which to seek federal review of habeas claims. 28 U.S.C. § 2244(d)(1). District courts "have the authority – though not the obligation –" to consider the timeliness of petitions under AEDPA "on their own initiative." Wood v. Milyard. ___ U.S. ___, 132 S. Ct. 1826, 1834 (2012). A federal court may equitably toll the statute of limitations "in appropriate cases" in which "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Holland v. Florida, 560 U.S. 631, 645 (2010); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

\* \* \*

The current action is successive. Petitioner previously challenged his conviction in this Court in 2013. His petition was denied as untimely and dismissed with prejudice. That dismissal became a "permanent and incurable bar to federal review" unless a federal appeals court gave Petitioner advance permission to file a new action. McNabb, 576 F.3d at 1030. Petitioner makes no showing that he has that permission to pursue a new action arising from the same underlying conviction. As a result, the action must be dismissed as successive. Burton, 549 U.S. at 157.

Alternatively, Petitioner's action remains untimely under AEDPA. He filed this second habeas action nearly 20 years after his original conviction became final; that's well after the conclusion of his one-year filing period. Moreover, Petitioner fails to meet the considerable standard of demonstrating "extraordinary circumstances" that justify equitable tolling of the statute of limitations. <u>Spitsyn</u>, 345 F.3d at 799. Petitioner's failure to obtain his trial transcripts for two decades – and then only after the dismissal of his first federal action – does not approach the type of impediment for which such a long-delayed action may equitably be excused.

Petitioner's present habeas action is successive, filed without permission, and untimely. The petition is subject to summary dismissal. 28 U.S.C. § 2244(b)(3). The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: September 9, 2016  _____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE